940 F.2d 653
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Harold PEOPLES, a/k/a Wilbo, Defendant-Appellant.
 No. 90-5044.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 29, 1991.
Decided July 26, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Chief District Judge. (CR-89-174-G)
 John B. Hatfield, Jr., Hatfield & Hatfield, Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED
 Before PHILLIPS, SPROUSE and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 William Peoples pled guilty to conspiracy to distribute multiple kilograms of cocaine (21 U.S.C. Sec. 846). He was sentenced to a term of 292 months as a career offender (U.S.S.G. Sec. 4B1.1) and appeals his sentence on the ground that he was wrongly designated a career offender. We affirm.
 
 
 2
 A defendant is a career offender if (1) he is at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Sec. 4B1.1. A prior felony conviction means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed. Sec. 4B1.2, application note 3.
 
 
 3
 Peoples had two prior state assault convictions; each was punishable by a term of imprisonment exceeding a year, although Peoples did not receive an active term on either offense. Peoples also had a prior state drug conviction for which he received a five-year suspended sentence. Under Sec. 4B1.1, he therefore qualified as a career offender, even though the assaults were classified as misdemeanors under state law. See United States v. Thompson, 891 F.2d 507 (4th Cir.1989), cert. denied, 58 U.S.L.W. 3694 (U.S.1990) (state offense authorizing imprisonment of more than a year is a felony for federal sentencing purposes although not so designated by state statute). Peoples also contends that the drug conviction and one of the assaults were related cases and should have been treated as one, see Sec. 4B1.2, application note 4. However, even if they had been so treated, Peoples would still qualify as a career offender because he would still have two prior unrelated felony offenses which were crimes of violence or drug offenses.
 
 
 4
 The plea agreement which Peoples entered into obligated the government to withdraw a notice of prior conviction pursuant to 21 U.S.C. Sec. 851 which it had previously filed, which would have exposed Peoples to a minimum sentence of twenty years and a maximum of life under the enhancement provision of 21 U.S.C. Sec. 841(b)(1)(A). The government also promised to recommend a sentence at the low end of the guideline range. The government complied with both provisions of the agreement. Peoples maintains that the government violated the plea agreement in that his prior convictions were considered at sentencing and resulted in his being sentenced as a career offender; he argues that he was led to believe that he would receive a sentence of less than twenty years. However, the plea agreement contained no promise concerning Peoples' criminal history or career offender status, nor any guarantee as to the guideline range which would apply. The filing or withdrawal of an enhancement pleading does not prevent the district court from considering prior convictions in determining whether a defendant is a career offender under the guidelines. See United States v. Sanchez, 917 F.2d 607, 616 (1st Cir.1990).
 
 
 5
 Finally, Peoples claims that the district court should have departed downward in his case. This Court has previously decided that a decision not to depart is not appealable. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S.1990).
 
 
 6
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.